NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHAWN B.,
*Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, S.B.,
*Appellees*.

No. 1 CA-JV 15-0387
FILED 6-9-2016

Appeal from the Superior Court in Maricopa County
No. JS 17772
JD 28201
The Honorable Alison Bachus, Judge

**AFFIRMED**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Daniel R. Huff
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**O R O Z C O**, Judge:

¶1        Shawn B. (Father) appeals from the order terminating his parental rights to S.B. (Child).  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**[1]

¶2        Father and Charmaine L. (Mother) are the biological parents of Child, born July 16, 2005.[2]  In April 2014, Child's guardian ad litem filed a dependency petition.  At that time, Child's guardianship with paternal aunt terminated, paternal aunt wished to be Child's placement, and Child needed mental health services and stabilization.  In February 2015, the juvenile court found Child dependent as to Father.  Father is currently serving a life sentence with parole in California.

¶3        At the severance hearing, the case manager, Ms. Gevers, testified that Child has been doing well in the care of paternal aunt for the last five years, and that she is willing to adopt Child.  Paternal aunt can meet all of Child's needs and Child has been receiving weekly trauma counseling.  Ms. Gevers also testified that paternal aunt provides permanency and Child wants to remain with her.  Child is adoptable and has bonded to paternal aunt.

¶4        Ms. Gevers further testified that she mailed at least four letters to Father advising him how to participate in services, and providing instructions on how to communicate with Child by sending cards, gifts or

---

[1]        "We view the facts in the light most favorable to sustaining the juvenile court's decision."  *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 449, ¶ 12 (App. 2007) (citation omitted).

[2]        The juvenile court terminated Mother's parental rights to Child, but Mother is not a party to this appeal.

letters to her.[3] Ms. Gevers never received any contact from Father regarding Child's well-being, and Father did nothing to maintain or establish the parent-child bond. Moreover, Ms. Gevers testified that as a result of Father's incarceration, Child lacks permanency and wonders "what's going to happen to her from one day to the next."

¶5 Father appeared telephonically at the severance hearing. He testified that his last in-person contact with Child was a visit at the jail two years ago. He claimed he had not sent any cards, gifts or letters to Child because he did not know where to send them. However, Father testified that he attempted to contact Child through her paternal grandmother, and he attempted to obtain Child's contact information from the Department of Child Safety. Father stated that before his incarceration, Child was very close to him and loved him and he worried that if paternal aunt kept Child, he will never be able to speak to Child again. However, Father could not recall Child's full birthday, whether Child was taking any medications, or the Child's favorite color or food.

¶6 Following the hearing, the juvenile court terminated Father's parental rights to Child due to length of incarceration. As to Child's best interests, the juvenile court found:

> the child will benefit from termination of the parent-child relationship with . . . Father. The child is in a loving, stable home that is a relative placement. The child is bonded to placement. The placement, a paternal aunt, can meet all of the child's needs. Indeed, the child is undergoing trauma therapy and has some special needs; placement is currently meeting all of those needs. . . . [T]he placement provides a safe, stable, and permanent home for the child that can, and does, meet the child's special needs.

¶7 Father timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 8-235.A, 12-120.21.A.1, and -2101.A (West 2016).[4]

---

[3] Ms. Gevers also mailed a copy of her last two letters to Father's attorney.

[4] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

## DISCUSSION

**¶8**         To terminate parental rights, the juvenile court must (1) find one of the grounds for termination in A.R.S. § 8-533.B by clear and convincing evidence, and (2) find by a preponderance of the evidence that termination is in the child's best interests. *Ariz. Dep't of Econ. Sec. v. Rocky J.*, 234 Ariz. 437, 440, ¶ 13 (App. 2014). We do not reweigh the evidence on appeal because the juvenile court is in the best position to "weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Frank R. v. Mother Goose Adoptions*, 239 Ariz. 184, 202, ¶ 58 (App. 2016) (quoting *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002)).

**¶9**         Father first argues that termination is not in Child's best interests because "ending the relationship would hurt [Child,] who wants to have contact with the Father." The juvenile court's best interests finding requires proof that the child would either benefit from termination or be harmed if the parental relationship continued. *Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990). We will not disturb the juvenile court's order unless its factual findings are clearly erroneous. *Frank R.*, 239 Ariz. at 202, ¶ 59.

**¶10**         Here, the juvenile court found that Child would benefit from the termination of Father's parental rights because Child is currently in a loving, stable, permanent home that is a relative placement. The record supports these findings. Ms. Gevers testified that Child has bonded to the placement and the placement is meeting all of Child's needs, including special needs such as trauma therapy. Ms. Gevers also testified that the placement provides permanency for Child. Moreover, the juvenile court doubted Father's ability to assess Child's best interests, noting, for example, that Father did not know basic information about Child's therapy, her favorite color or food, or her birthday. On this record, termination is in Child's best interests. *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179, ¶¶ 20-21 (App. 2014) (determining that the benefits of permanency and stability supported best interests finding); *see also Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 337, ¶¶ 16-17 (App. 2004) (recognizing that permanency and stability are in children's best interests).

**¶11**         Father also argues that procedures followed in this case were fundamentally unfair because he "has been wanting to have ongoing contact with his child[,] but he has been shut down at all turns." Father raises this argument for the first time on appeal. Accordingly, we do not address this argument because it was not made in the juvenile court. *See*

*Kimu P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 39, 44 n.3, ¶ 19 (App. 2008) (refusing to address parent's due process claims raised for the first time on appeal from severance) (citing *Paloma Inv. Ltd. P'ship v. Jenkins*, 194 Ariz. 133, 137, ¶ 17 (App. 1998)).

## CONCLUSION

**¶12** For the foregoing reasons, we affirm the juvenile court's order terminating Father's parental rights to Child.



Ruth A. Willingham · Clerk of the Court
FILED: AA